IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALEX TEJADA,**

      **Plaintiff,**

**v.**                                      **Civil Action No. 2:11cv92**
                                             **(Judge Bailey)**

**KUMA J. DeBOO, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On November 2, 2011, the *pro se* plaintiff, who is a federal inmate incarcerated at FCI Gilmer, initiated this case by filing a Bivens complaint which appears to allege that he is being harassed by staff and held in administrative detention pending prosecution and/or investigation. In addition, he alleges that his Unit Team lied to him about his "halfway house." The plaintiff has been granted leave to proceed *in forma pauperis*, and on December 27, 2011, he paid the required initial partial filing fee. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

## Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**Analysis**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court

---

[1] *Id.* at 327.

[2] *Id.*

found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9) within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[3] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F. Supp. 941, 943 (D. Md. 1997).

---

[3]"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff asserts that he filed his Level 2 grievance and is "awaiting response due back 1/1/12." (Doc. 1-4, p. 5). Accordingly, it is clear that the plaintiff did not exhaust his administrative remedies before he filed his complaint on November 2, 2011. In fact, a careful review of the materials submitted by the plaintiff establishes that he did not begin the administrative remedy process until October 7, 2011, less than one month before he filed his complaint. Moreover, the plaintiff acknowledges that he did not his exhaust his administrative remedies "because my administrative complaints weren't getting answered." (Doc. 1-4, p. 6). However, the material presented by the plaintiff clearly establishes that his Level One grievance received a response on October 27, 2011, within the twenty (20) days required.[4] Accordingly, it is clear from the face of the complaint that the plaintiff failed to exhaust his claims prior to filing suit and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the

---

[4] Moreover, as previously noted, pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." In other words, if no response is received, the grievance is deemed denied and the inmate may appeal that denial to the next level. Therefore, even if the plaintiff were accurate about responses, the lack of response does not relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process or otherwise waive the exhaustion requirements.

district court, but is mandatory.").[5]

### **Recommendation**

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: January 23, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[5]The undersigned notes that in a letter dated January 17, 2012, the plaintiff notified the Clerk of Court that he filed his BP-11 that same date because he had not received a response to his BP-10, and said response was three weeks overdue. Therefore, the plaintiff continues to exhaust his administrative remedies more than two months after he filed his complaint.

5