**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ALEX TEJADA,**

    Plaintiff,

v.
                                                **CIVIL ACTION NO. 2:11-CV-92
(BAILEY)**

**KUMA J. DEBOO, et al.,**

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 15]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on January 23, 2012 [Doc. 15]. In that filing, the magistrate judge recommends that this Court dismiss the plaintiff's **Bivens** action without prejudice for failure to exhaust administrative remedies.

II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The plaintiff timely filed his Objections [Docs. 17 & 18] on February 3, 2012. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects. The remainder of the R&R will be reviewed for clear error.

III.    Factual and Procedural History

On November 2, 2011, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) [Doc. 1]. Plaintiff alleges he is being harassed by the staff at FCI Gilmer and held in administrative detention pending prosecution and/or investigation. He also alleges his Unit Team lied to him about projected time for release to a halfway house. After completing a preliminary review pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e), Magistrate Judge Joel recommended dismissing the Complaint without prejudice for failure to exhaust administrative remedies.

In his R&R, the magistrate judge recommends dismissal of the plaintiff's Complaint without prejudice [Doc. 17]. In so recommending, the magistrate judge found that the

2

plaintiff has failed to exhaust his administrative remedies.

IV.     Analysis

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). A **Bivens** action is included in such, and is thus subject to the same requirements. *See **Porter v. Nussle***, 534 U.S. 516, 524 (2002).

The four-level administrative remedy process for informal resolution procedures which fail to achieve sufficient results through informal avenues is set forth in 28 C.F.R. § 542.10, *et seq*. This process begins with a Request for Administrative Remedy at the institution in which the inmate is incarcerated. Second, if the prisoner achieves no satisfaction informally, he must file a written complaint to the warden within twenty days of the date of the occurrence. Third, if the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located within twenty days of the warden's response. Finally, if the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal within thirty days of the regional director's response. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies. *See **Woodford v. Ngo***, 548 U.S. 81, 93-94 (2006) (the PLRA requires full and proper exhaustion).

Plaintiff's first objection appears to try to emphasize the United States Supreme Court case ***Jones v. Bock***, 549 U.S. 199 (2007), in which the Court held that an inmate's

3

failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint.  This Court is fully aware of the *Jones* case; however, 28 U.S.C. § 1915 provides this Court the authority to dismiss a case *sua sponte* on exhaustion grounds if the failure to exhaust is apparent from the face of the complaint.  See *Anderson v. XYZ Prison Health Servs.*, 407 F.3d 674, 681-82 (4th Cir. 2005).  Thus, the plaintiff's argument that "the burden of proof is on prison officials to show that available administrative remedies have been exhausted" is unavailing.  As explained below, the face of this Complaint clearly establishes that the plaintiff failed to exhaust his administrative remedies.

In his Complaint, the plaintiff alleges that he filed his Level 2 grievance and is "awaiting response due back 1/1/12." [Doc. 1-4, p. 5].  Thus, it is clear from the record that the plaintiff filed the instant November 2, 2011, Complaint prior to exhausting his administrative remedies.  Moreover, the record further establishes that the plaintiff did not even begin the administrative remedy process until less than a month prior to filing his Complaint.  The plaintiff does not dispute that he has failed to exhaust his administrative remedies.  Indeed, he admitted that "my administrative complaints weren't getting answered." [Doc. 1-4, p. 6].  First, this assertion is belied by the record, which clearly indicates the Level One grievance received a response on October 27, 2011, within the twenty day response period.  Furthermore, this Court notes that had no response been given, 28 C.F.R. § 542.18 considers a lack of response as a denial.  As such, if no response is provided, the inmate may then appeal to the next level.

The petitioner makes one last effort in his Objections in which he asserts that since

4

the filing of the R&R, he has met all the requirements for proper administrative exhaustion. Although the petitioner attaches no proof of exhaustion, such would nevertheless fail to save his claim at this juncture. Exhaustion is simply a prerequisite to bringing this claim. See **Woodford v. Ngo**, 548 U.S. at 93-94

V.      Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the plaintiff's Objections to the magistrate judge's R&R **[Docs. 17 & 18]** are **OVERRULED**. Accordingly, the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** March 22, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE